UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOSHUA DAVID JULIAN AND<br>MITZI MICHELLE JULIAN | § <br> § <br> § | |
| *Plaintiffs,* | § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. _____ |
| SMITH COUNTY AND DEPUTY<br>DWAYNE BEDDINGFIELD,<br>INDIVIDUALLY AND IN HIS<br>OFFICIAL CAPACITY | § <br> § <br> § <br> § <br> § | |
| *Defendants.* | § | |

---

### PLAINTIFFS JOSHUA DAVID JULIAN AND MITZI MICHELLE JULIAN'S ORIGINAL COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs, Joshua David Julian and Mitzi Michelle Julian ("PLAINTIFFS") file this, their Original Complaint, complaining of Defendants, Smith County ("SMITH COUNTY") and Deputy Dewayne Beddingfield ("BEDDINGFIELD"), individually and in his official capacity, and for causes of action would respectfully show the Court the following:

## I.
## PARTIES

1.      Plaintiffs JOSHUA DAVID JULIAN and MITZI MICHELLE JULIAN, are individuals residing in Smith County, Texas.  Their address is 15031 C.R. 285 Tyler, Texas 75707.

2.      Defendant SMITH COUNTY is a county of the State of Texas.  Defendant, SMITH COUNTY, may be served by serving its County Judge, Honorable Joel Baker, Smith

County Courthouse Annex, 200 E. Ferguson, Suite 100, Tyler, Texas 75702.  Service is requested at this time.

3. Defendant DEPUTY DWAYNE BEDDINGFIELD is an individual residing in Smith County, Texas.  The acts and omissions complained of herein arise from the conduct of BEDDINGFIELD while he was acting under the color of state law, and each act and omission was committed pursuant to BEDDINGFIELD's employment and authority as a police officer within Smith County.  BEDDINGFIELD may be served with process at his residence.

## II.
## JURISDICTION AND VENUE

4. Venue is appropriate in the United States District Court for the Eastern District of Texas, Tyler Division, since Smith County was the location of the events made the basis of this cause of action.

5. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 since Plaintiffs are suing for relief under 42 U.S.C. §1983.

## III.
## FACTS AND ALLEGATIONS

7. On June 1, 2013, at approximately 2:00 p.m., Josh Julian's ex-wife, Amanda Julian, (a/k/a Amanda Atwood), her boyfriend Jerry Harrelson III, her mother Reba Miller, and Step-Father Arden Miller arrived at his residence located at 15031 CR 285, Tyler, Texas 75707.

8. This arrival had been agreed upon to allow Amanda Julian to retrieve her possessions pursuant to a Divorce Decree issued by Judge Rogers.  At some point, Amanda Julian began yelling about the children's furniture, and Josh Julian shut the door to the residence.  Accordingly, Sheriff Deputy Dwayne Beddingfield was dispatched.

9.      Upon arrival, Deputy Beddingfield spoke with Amanda Julian, and subsequently informed our client that an allegation of verbal threats had been lodged by the ex-wife and demanded that Josh Julian leave his residence for a two-hour period to allow Amanda Julian to remove what items she claimed.

10.     In fact, Deputy Beddingfield advised JOSH JULIAN client that Amanda Julian could have full and sole entry to the residence. Furthermore, Deputy Beddingfield stated, "I don't want to arrest a fire fighter today," when demanding JOSH JULIAN vacate his residence.

11.     After complying with Deputy Beddingfield's and/or Smith County Sheriff's office demand to vacate the residence, JOSH JULIAN returned to his house only to find it in total disarray, with numerous items missing and a shop door pried open.

12.     JOSH JULIAN subsequently contacted the Sheriff's office's dispatch and requested to speak with Deputy Beddingfield. During this call, Deputy Beddingfield informed JOSH JULIAN that this was now a civil matter and there was nothing he could do.

13.     Two days later Gerald Jones of the Smith County Sheriff's office took JOSH JULIAN'S report and reported the items stolen. *Attached hereto is a copy of the incident report for Case Number 2013-13660.*

## IV.
## CAUSES OF ACTION

**A. Claims under 42 U.S.C. §1983 and the 4th and 14th Amendments to the U.S. Constitution and Ratification**

14.     PLAINTIFFS incorporate paragraphs 1-13 above. The Fourth Amendment provides that one has the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. amend. IV.*

15.     PLAINTIFFS brings suit under 42 USC Section 1983 for these violations.  Defendants actions constitute a violation of Plaintiffs' protected right of privacy.  Specifically, Plaintiffs' rights to be secure in their home was infringed when law enforcement entered the home on a civil standby, thus warrantless, and demanded the homeowner vacate the residence while allowing other people to carry away the items.

16.     Furthermore, it is well established that law enforcement officers who perform civil standbys to keep the peace during a private party's repossession of property, when right to possession of that property is disputed are not state actors if they act only to keep the peace.  However, they cross the line if they affirmatively intervene to aid the repossessor.  In this matter, Defendants affirmatively intervened by ordering Plaintiffs to vacate the residence, under threat of arrest.

17.     PLAINTIFFS incorporate paragraphs 1-13 above.  The Fourteenth Amendment guarantees everyone the right not to be deprived of liberty without due process of law. *U.S. Const. amend. XIV.*

18.     PLAINTIFFS brings suit under 42 USC Section 1983 for these violations.  Due to the warrantless search and seizure, and removal from his property without due process, Defendants have violated PLAINTIFFS' constitutionally protected rights.

19.     PLAINTIFFS incorporate paragraphs 1-13 above.  BEDDINGFIELD's actions were all clearly exposed and discussed and examined by SMITH COUNTY and there was no retraining, discipline, or consequence to any officer for their behavior of illegal search and seizure.

20.     As such SMITH COUNTY ratified BEDDINGFIELD's behavior by failing to discipline or even to simply retrain indicating a custom, policy, practice, and procedure by the Smith County Sheriff's Office of allowing the aforementioned bad acts of BEDDINGFIELD.

*Grandstaff v. City of Borger,* 767 F.2d 161 (5th Cir. 1985), *cert. denied,* 480 U.S. 916 (1987).

21.   As a result of Defendant's statutory and constitutional violations, Plaintiffs have suffered serious and substantial damages and injuries for which they request the award of the following categories of damages:

    a.   Actual Damages;

    b.   Mental anquish, including emotional pain, torment, and suffering that Plaintiffs have experienced due to the actions of Defendants;

    c.   These damages should be separately assessed by the jury with regard to each individual Plaintiff. A fair and impartial jury should listen to the evidence and award an amount for each element of damages that is just and fair based on the evidence.

22.   Pursuant to 42 U.S.C §1983, Plaintiffs are also entitled to recover, and hereby request the award of exemplary damages, reasonable damages, reasonable attorney's fees, and costs of court.

## V.
## JURY DEMAND

23.   Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## VI.
## PRAYER FOR RELIEF

24.   For the reasons stated above, Plaintiffs Joshua David Julian and Mitzi Michelle Julian request that Defendants, Smith County and Deputy Dwayne Beddingfield, Individually and in his Official Capacity, be summoned to appear and answer herein and then upon

final trial or hearing, a judgment be entered in favor of the Plaintiffs and against the Defendant as follows:

A.  Enter judgment for Plaintiffs against Defendants for violations of Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights and their rights under the Texas Constitution's Bill of Rights;

B.  Find that Plaintiffs are the prevailing party in this case and award attorney's fees and costs against Defendants;

C.  Award damages to Plaintiffs against Defendants, separately and jointly; for the violations of their rights under the Fourth and Fourteenth Amendments;

D.  Award Plaintiffs actual damages in an amount that is within the jurisdictional limits of this Court;

E.  Award Plaintiffs punitive or exemplary damages in an amount that is within the jurisdictional limits of this Court;

F.  Award punitive damages against Deputy Dwayne Beddingfield;

G.  Award Plaintiffs pre-judgment interest at the highest rate permitted by law;

H.  Award Plaintiffs post-judgment interest at the highest rate permitted by law; and

E.  Grant such other and further relief as appears reasonable and just, to which, Plaintiffs show they are entitled.

*Signature on Next Page*

Respectfully submitted,

LADD & THIGPEN, P.C.

/s/Matthew L. Thigpen

Matthew L. Thigpen
State Bar No. 24056425
Norman R. Ladd
Texas State Bar No. 24041285
Kevin G. Giddens
State Bar No. 24076877
235 South Broadway, Suite 200
Tyler, Texas 75703
(903) 705-7211
(903) 705-7221 (FAX)
ATTORNEYS FOR PLAINTIFFS


By:

Respectfully submitted,

LADD & THIGPEN, P.C.

/s/Matthew L. Thigpen

Matthew L. Thigpen
State Bar No. 24056425
Norman R. Ladd
Texas State Bar No. 24041285
Kevin G. Giddens
State Bar No. 24076877
235 South Broadway, Suite 200
Tyler, Texas 75703
(903) 705-7211
(903) 705-7221 (FAX)
ATTORNEYS FOR PLAINTIFFS